*Kabir v. Bondi*

BIA
Christensen, IJ
A073 501 042

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MD HUMAYUN KABIR,
> *Petitioner,*

v.                                                             **23-6179**
                                                              **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua E. Bardavid, Law Office of Joshua E.
                         Bardavid, New York, NY.


FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant
                         Attorney General; David J. Schor, Senior
                         Litigation Counsel; Richard Zanfardino, Trial
                         Attorney; Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner MD Humayun Kabir, a native and citizen of Bangladesh, seeks review of a February 13, 2023 decision of the BIA that affirmed an April 1, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re MD Humayun Kabir*, No. A 073 501 042 (B.I.A. Feb. 13, 2023), *aff'g* No. A 073 501 042 (Immigr. Ct. N.Y.C. Apr. 1, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA has relied on an IJ's adverse credibility analysis, we review the decision of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review fact-finding "under the substantial evidence

standard" and questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 591 n.25 (2d Cir. 2021) (reviewing nexus determination for substantial evidence). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or that he has at least a well-founded fear of future persecution, *see* 8 C.F.R. §§ 1208.13(b), 1208.16(b), and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (concluding that the "one central reason" standard applies to asylum and withholding of removal). Kabir has not challenged the agency's determination that he was not persecuted in the past, so it is his burden to establish an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d

Cir. 2005). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear of persecution is not objectively reasonable if it lacks "solid support in the record" and is "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

To establish "a sufficiently strong nexus" between the feared harm and a protected ground, *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010), where the fear of persecution is purportedly traced to a political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief[s]," rather than from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (internal quotation marks omitted). And an applicant "must provide *some* evidence" – "direct or circumstantial" – to establish the persecutor's motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

Kabir testified that he feared persecution based on his "anti-corruption" political opinion, manifested by his testimony against members of the ruling party who were involved in a bank fraud scheme at banks where Kabir served as the managing director. Opposition to "endemic corruption" may constitute a

4

protected political opinion, but only if it "transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Yueqing Zhang*, 426 F.3d at 547–48. However, "the enforcement of generally applicable law cannot be said to be on account of the offender's political opinion" absent a showing that the prosecution "is pretext for political persecution." *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010).

Here, substantial evidence supports the agency's conclusion that the investigation was a legitimate law enforcement effort, not a pretext for political persecution, and that Kabir has not established a well-founded fear of arrest or prosecution.

The evidence before the relevant investigative committee that charged Kabir with "supervisory lapses" showed violations of banking rules and regulations at the banks Kabir managed and was coupled with Kabir's statement that he complied with all relevant banking rules but that his subordinates failed to adequately notify him of the violations. Certified Administrative Record at 888. Kabir's testimony was offered to protect himself from liability – *i.e.*, "self-protection" – rather than to "challenge . . . the legitimacy or authority of the ruling regime." *Yueqing Zhang*, 426 F.3d at 547. And the evidence can be interpreted as supporting the charge of supervisory lapse against him, given that the violations

5

and fraud occurred while he was managing director.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to which of competing inferences to draw are entirely within the province of the trier of fact." (quotation marks and ellipses omitted)).  Finally, although Kabir alleged that he was being sought for pretextual prosecution when he left Bangladesh, he submitted evidence that investigators would give him a "no liability certificate" because the investigation had not revealed illegal or unearned assets in his name as a result of the fraud scheme.  That communication undercuts Kabir's fear of further prosecution and supports the agency's conclusion that the investigation was not pretextual.  *See Jin Jin Long*, 620 F.3d at 166; *Quintanilla-Mejia*, 3 F.4th at 593–94 ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence.  Rather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency.").

Because Kabir has not established a well-founded fear of future arrest and prosecution, we do not reach his additional allegations about abuses in prisons in Bangladesh as country conditions evidence or his allegations regarding the death of another person accused in the bank fraud scheme.  Kabir did not establish the risk of harm for asylum, so "he necessarily fail[ed] to demonstrate the clear probability of future persecution required for withholding of removal," or that he

6

would more likely than not be tortured as required for CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court